UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ARTHUR J. CURRY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-00425-JRS-MJD |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

Petitioner Arthur J. Curry was convicted of two counts of armed bank robbery, 18 U.S.C. § 2113(a) and (d), and one count of using of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c), in case number 2:06-cr-11-JRS-CMM-2. He was sentenced to total term of imprisonment of 264 months—180 months on both bank robbery convictions to run concurrently and 84 months on the use of firearm conviction to run consecutive. Judgment was entered on June 8, 2007. Mr. Curry now seeks to vacate his sentence and conviction under 18 U.S.C. § 924(c) based on the Supreme Court's decision in *United States v. Davis,* 588 U.S. ___, 139 S.Ct. 2319, 2336 (2019). For the reasons explained below, Mr. Curry is not entitled to relief.

**I. Discussion**

Rule 4(b) of *Rules Governing Section 2255 Proceedings for the United States District Courts* provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

*Id.* That is the case here. *Davis* does not provide Mr. Curry any relief based on his 18 U.S.C. § 924(c) conviction and this action must be dismissed.

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

In *Davis* the Supreme Court held that 18 U.S.C. § 924(c)(3)'s residual clause—that is, § 924(c)(3)(B)—was unconstitutionally vague. 139 S.Ct. at 2336. *See also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). However, armed bank robbery that is committed by "assault[ing] any person, or put[ting] in jeopardy the life of any person by the use of a dangerous weapon or device," under 18 U.S.C. § 2113(d), constitutes a crime of violence under the force clause. *See U.S. v. Armour*, 840 F.3d 904, 908 (7th Cir. 2016) (holding that § 2113(a) and (d) qualify as crimes of violence under the force clause).

Therefore, even though *Davis* invalidated § 924(c)(3)(B)'s residual clause, armed bank robbery is still a crime of violence under § 924(c)(3)(A)'s force clause and constitutes a valid predicate crime of violence for the purposes of Mr. Curry's convictions. Mr. Curry is thus not entitled to relief.

## II. Conclusion

The motion pursuant to § 2255 is DENIED. Judgment consistent with this Entry shall now issue. The clerk shall also enter this Entry on the docket in the underlying criminal action, No. 2:06-cr-11-JRS-CMM-2. The motion to vacate shall also be terminated in the underlying criminal action.

## III. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Curry has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 9/24/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ARTHUR J. CURRY
23036-057
COLEMAN - LOW FCI
COLEMAN LOW FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 1031
COLEMAN, FL 33521